UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN NORMAN LOWE #496553, | Civil Case No. 1:08-cv-24 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| UNITED STATES ATTORNEY GENERAL *et al.*, | |
| Defendants. | |

### Order Overruling the Petitioner's Objection and Adopting the R&R; Dismissing the Complaint as Frivolous and Barred by *Heck v. Humphrey*; Terminating the Case

This matter was referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Monday, January 28, 2008

and was sent to Lowe by regular U.S. mail on Tuesday, January 29, 2008. Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). The court assumes *arguendo* that Lowe did not receive the R&R from the prison mail-room until one week later, on Tuesday, February 5, 2008. Thus, the ten-day objection period began on Wednesday, February 6, 2008.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus Lowe's objection received by the court on Friday, February 15, 2008 was timely.

The defendants have not filed a response to Lowe's objection, and the time for them to do so has expired.

The court finds the R&R to be well-reasoned. For the reasons explained by the R&R, there is no merit to Lowe's claims that the prosecutors who secured his conviction are not licensed to practice law in Michigan because they were not licensed in accordance with the British Accredited Registry (BAR) System established in Boston in 1761, but rather are foreign agents who have not properly registered under 22 U.S.C. § 611; that the prosecutors and state-court judges named violated their oaths of office by taking action on behalf of the State of Michigan, which is a "foreign corporate entity"; that the state bar rules create a "ruling class" in violation of the "Organic United States Constitution of 1781; and that his conviction therefore violates his rights to equal protection under the law and due process of law.

The court also notes an additional basis for dismissal that was not discussed by the R&R: Lowe's petition is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because its success would

necessarily render his conviction invalid or imply that it was invalid.

In *Heck*, a state-prison inmate brought a § 1983 action alleging that the defendants (a prosecutor and a police investigator) violated his constitutional rights by conducting an illegal investigation that led to his arrest, destroying exculpatory evidence, and using an illegal voice-identification procedure at trial. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 599 (6th Cir. 2007) (citing *Heck*, 478 U.S. at 478-79), *reh'g & reh'g en banc denied* (6th Cir. Jan. 7, 2008). The Supreme Court analogized Heck's § 1983 claim to a tort claim for malicious prosecution; an element of a malicious-prosecution claim is a showing that the plaintiff prevailed in the earlier criminal proceeding that gave rise to his malicious-prosecution lawsuit. *Powers*, 501 F.3d at 599-600 (citing *Heck*, 478 U.S. at 484). The Court noted that this "favorable-termination requirement" protects against the risk of inconsistent judgments that collateral attacks on criminal convictions could otherwise engender. *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 484-85).

Accordingly, the Supreme Court held that a § 1983 damages action in connection with an allegedly unlawful conviction will not lie unless the claimant, like a malicious-prosecution plaintiff, can show that the underlying conviction or sentence has been invalidated, i.e., reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 486-87).

Moreover, the Supreme Court in *Heck* instructed that even if the plaintiff nominally challenges something other than his conviction or sentence, the favorable-termination requirement applies whenever a judgment in his favor would "necessarily imply the invalidity of his sentence; if it would[,] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 487); *see*

3

*also Bean v. McQuiggin*, No. 2:07-cv-113, 2008 WL 611611, *5 (W.D. Mich. Mar. 4, 2008) (Miles, J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

Although *Heck*'s holding by its terms originally applied only to § 1983 claims seeking monetary damages, the Supreme Court later extended the *Heck* rule to bar claims seeking injunctive or declaratory relief that would necessarily imply that a conviction or sentence is invalid. "[A] state prisoner's § 1983 action is barred . . . – *no matter the relief sought (damages or equitable relief)*, no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Thomas v. Eby*, 481 F.3d 434, 438-39 (6th Cir. 2007) (emphasis added) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)), *reh'g & reh'g en banc denied* (6th Cir. July 31, 2007); *see also Ibrahim v. U.S. Parole Bd. Members*, 80 F. App'x 421, 422 (6th Cir. 2003) ("*Heck* applies whether the plaintiff seeks injunctive or monetary relief.") (citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)).[1]

Accordingly, because the awarding of monetary, injunctive, or declaratory relief on Lowe's § 1983 claim would necessarily imply that his conviction was invalid, the complaint as written is barred by the *Heck* doctrine. *See, e.g.,* holding that § 1983 actions making the same argument as Lowe were barred by *Heck*: *Gauna v. Berghuis*, No. 1:07-cv-898, 2008 WL 584946 (W.D. Mich. Feb. 28, 2008) (Maloney, J.); *Jarvis v. Berghuis*, No. 1:07-cv-988, 2008 WL 441391 (W.D. Mich. Feb. 14, 2008) (Maloney, J.).*[2]*

---

[1]

*Cf. also Portis v. Michigan Dep't of Corrections*, 82 F. App'x 457, 459 (6th Cir. 2003) (after citing *Heck*, Circuit notes that *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) held that a state prisoner's claim for injunctive relief is cognizable only under 28 U.S.C. § 2254).

[2]

*See also Headings v. Schmidt*, No. 1:07-cv-933, 2008 WL 151246 (W.D. Mich. Jan. 14, 2008)

**ORDER**

Accordingly, having reviewed Lowe's habeas petition, the R&R, and Lowe's timely objection to the R&R, the court hereby **OVERRULES** Lowe's objection and **ADOPTS** the R&R.

The petition is summarily **DISMISSED** as frivolous pursuant to Rule 4 of the Rules Governing § 2254 Cases.

This case is **TERMINATED.**

**This order is final, but it is not appealable** because there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See Jarvis*, 2008 WL 441391 at *3 and *Westbrook*, 2007 WL 3462337 at *4 (both citing *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997)).[3]

**IT IS SO ORDERED this 17th day of March 2008.**

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

---

(Enslen, J., adopting R&R of Carmody, M.J.);

*Floyd v. Berghuis*, No. 1:07-cv-1012, 2008 WL 59167 (W.D. Mich. Jan. 3, 2008) (Neff, J., adopting R&R of Scoville, M.J.);

*Taylor v. Berghuis*, No. 1:07-cv-896, 2007 WL 4557852 (W.D. Mich. Dec. 21, 2007) (Miles, J.).

[3]*See also Matthews*, 2008 WL 205207 at *3 (Jonker, J.) (citing *McGore*);

*Floyd*, 2008 WL 59167 at *1 (Neff, J.) (citing *McGore*);

*Taylor*, 2007 WL 4557852 (Miles, J.) (citing *McGore*).